**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 2:22-cr-01563-MIS

DEXTER WHISKERS,

Defendant.

**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

THIS MATTER is before the Court on Defendant Dexter Whiskers's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 103. The Government filed a Response on September 21, 2026. ECF No. 106. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

## I. Background

On April 13, 2022, a Special Agent with the Federal Bureau of Investigations filed a Criminal Complaint accusing Defendant of sexual abuse of a minor in Indian Country. ECF No. 1. Based on the Criminal Complaint, a warrant was issued for his arrest, ECF No. 2, and he was arrested the following day, April 14, 2022, ECF No. 6. On April 27, 2022, the Court held a detention hearing and ordered Defendant detained. See Clerk's Mins. for Detention Hr'g, ECF No. 17; Order of Detention, ECF No. 18.

On September 21, 2022, a Grand Jury sitting in the District of New Mexico returned an Indictment charging Defendant with two counts of aggravated sexual abuse (Counts 1 and 2), two counts of sexual abuse of a minor (Counts 3 and 4), and one count of abusive sexual contact with a minor (Count 5). ECF No. 34.

On March 28, 2023, Defendant pled guilty pursuant to a written Plea Agreement to sexual abuse of a minor in Indian Country in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(D), as charged in Count 4 of the Indictment. See Plea Agreement, ECF No. 45; Clerk's Mins. for Plea Hr'g, ECF No. 46. In his Plea Agreement, Defendant admitted the following facts:

> On or about October 22, 2021, in Otero County, in the District of New Mexico, on the Mescalero Apache Indian Reservation, I knowingly penetrated Jane Doe's vagina with my finger while wearing a glove to arouse or gratify my sexual desires. This was a sexual act under federal law. Jane Doe was 13 years old at the time of the sexual abuse, and I was 43 years old at the time of the sexual abuse. . . .

ECF No. 45 at 4. Defendant also stated he understood that he was subject to a sentence that included a term of imprisonment of up to fifteen years. Id. at 2.

On June 29, 2023, the United States Probation Office submitted a Revised Presentence Investigation Report ("PSR"), ECF No. 57, assigning Defendant a Total Offense Level of 35 and a Criminal History Category of I, PSR ¶¶ 36, 40, resulting in a guideline imprisonment range of 168 to 210 months, id. ¶ 74. However, because the statutorily authorized maximum of 15 years is less than the maximum of the guideline range, the guideline range was 168 months to 180 months pursuant to U.S.S.G. § 5G1.1(c)(1). Id.

During Defendant's April 4, 2024, sentencing hearing, the Court, inter alia, overruled Defendant's objections to the PSR, adopted the PSR's findings, and imposed a sentence of 180 months' imprisonment to be followed by fifteen years' supervised release. See Sentencing Min. Sheet, ECF No. 78; Judgment, ECF No. 79. On October 17, 2024, the Court entered an Amended Judgment that included restitution. ECF No. 101.

On August 7, 2026, Defendant filed the instant Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 103. On September 21, 2026, the Government filed a Response. ECF No. 106.

According to the Bureau of Prisons' website, Defendant is currently incarcerated at FCI Lompoc I, and is scheduled for release on January 22, 2035.

## II. Legal Standard

Title 18, United States Code, Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, contains the so-called "compassionate release" provision. That statute provides, in relevant part:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The court may grant compassionate release (or otherwise reduce a sentence) pursuant to Section 3582(c)(1)(A)(i) only if the movant establishes all three of the following elements: (1) that "extraordinary and compelling reasons warrant such a reduction[;]" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission[;]" and (3) the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction. United States v. Maumau,

993 F.3d 821, 831 & n.4 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042-43 (10th Cir. 2021), abrogated on other grounds by Rutherford v. United States, 608 U.S. 454 (2016). A district court may deny compassionate release if any of these elements is lacking. Maumau, 993 F.3d at 831 n.4; McGee, 992 F.3d at 1043. "The moving defendant bears the burden of establishing that such a 'compassionate release' is warranted under the statute." United States v. Moreno, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

Effective November 1, 2023, the United States Sentencing Commission revised U.S.S.G. § 1B1.13 "rendering the policy statement applicable and controlling the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding." United States v. Mulder, Case No. 19-CR-0157-001-JFH, 2024 WL 382048, at *2 (N.D. Okla. Jan. 31, 2024). Under U.S.S.G. § 1B1.13, the Court may reduce a term of imprisonment if:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). "Extraordinary and compelling reasons" for a sentence reduction include certain serious medical conditions of the defendant, id. § 1B1.13(b)(1); the age of the defendant coupled with a deterioration of health because of the aging process if the defendant has served at least 10 years or 75 percent of his term, id. § 1B1.13(b)(2); certain serious family circumstances of the defendant, id. § 1B1.13(b)(3); if the defendant was the victim of sexual abuse or other physical abuse resulting in serious bodily injury while serving his sentence, id. § 1B1.13(b)(4); or

"any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)[,]" id. § 1B1.13(b)(5). Finally, "[e]xtraordinary and compelling reasons" for a sentence reduction also include an unusually long sentence. Id. § 1B1.13(b)(6). Specifically:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Id.

## III. Discussion

As a threshold matter, Defendant indicates on his pre-printed AO Form 250 Pro Se Motion for Compassionate Release that he exhausted his administrative remedies. ECF No. 103 at 3. Then, under "Grounds for Release[,]" Defendant selected "unusually long sentence" as the extraordinary and compelling reason supporting a sentence reduction. Id. at 5. He also provided a hand-written narrative stating that he believes that he received an unusually long sentence considering he was a first-time offender and received the statutory maximum. Id. at 7. He further states that he has received no write-ups while incarcerated, has participated in multiple programs, has worked without incident for CMS, and has a "minimum" risk and needs assessment. Id. He is not requesting immediate release, but simply a sentence reduction "to a more appropriate length." Id. He states that after his release he plans to return to White Mesa, Utah and work as a ranch hand. Id. at 8. He also provides a proposed release plan, id. at 11-14, and several character letters in support of his release, id. at 18-31.

The Government does not contest Defendant's assertion that he has satisfied the exhaustion requirement, but argues that he cannot establish extraordinary and compelling reasons for a sentence reduction, and that, in any event, the 3553(a) factors do not support a sentence reduction. ECF No. 106 at 6-9.

Initially, the Court finds that Defendant has satisfied the statutory exhaustion requirement. Specifically, Defendant submitted a request for compassionate release to the Warden of FCI Lompoc I on June 8, 2026, ECF No. 103 at 35, and filed the instant Motion more than thirty days later on August 7, 2026. Therefore, the Court finds that Defendant has satisfied the exhaustion requirement. See United States v. Muhammad, 16 F.4th 126, 130-31 (4th Cir. 2021); United States v. Garrett, 15 F.4th 335, 338 (5th Cir. 2021); United States v. Harris, 973 F.3d 170, 171 (3d Cir. 2020). Alternatively, the Court finds that the Government waived the exhaustion requirement by failing to argue that Defendant failed to properly exhaust his administrative remedies. See United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

However, the Court finds that Defendant has failed to establish extraordinary and compelling reasons for a sentence reduction. First, the Court finds that Defendant's 180-month sentence for sexually abusing a minor in Indian Country is not unusually long. To be sure, 180 months is a long time, but not unusually long given the seriousness of the crime—especially considering that but for the statutory maximum, his guideline imprisonment range would have been 168 to 210 months. See United States v. Cervantes, CASE NO. 3:14-cr-00488-B-1, 2026 WL 1142382, at *2 (N.D. Tex. Apr. 28, 2026) (finding that statutory maximum sentence of 360 months' imprisonment was not an unusually long sentence for production of child pornography convictions where guideline range would have otherwise been life imprisonment); United States v. Lindenfelser, Case No. 6:15-cr-00023-MC, 2026 WL 76438, at *3 (D. Or. Jan. 9, 2026) (finding

that "constructive" 210-month sentence was not unusually long given it was within the advisory guideline range); United States v. Barnett, Case No. 1:17-cr-00058-JMS-DML-1, 2025 WL 1166905, at *4 (S.D. Ind. Apr. 21, 2025) (finding that 180-month sentence was not unusually long where guideline range would be 151 to 188 months if sentencing enhancement was removed).

Second, a Defendant may only invoke the "unusually long sentence" provision if he "has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Here, Defendant was arrested on April 14, 2022. See ECF No. 6. Thus, including pretrial detention, Defendant has served less than four and a half years of his term of imprisonment. Consequently, he is not eligible for a sentence reduction under the unusually long sentence provision. See United States v. Aguilar-Cardenas, Civil Action No. 4: 14-cr-81, 2025 WL 1748059, at *7-8 (E.D. Tex. June 24, 2025) (finding that the defendant was not eligible for a sentence reduction under the "unusually long sentence" provision because he had not served at least ten years of his sentence); Lindenfelser, 2026 WL 76438, at *3 (same); Barnett, 20256 WL 1166905, at *4 (same).

Finally, the unusually long sentence must have been produced by a change in the law, other than an amendment to the Guidelines Manual that has not been made retroactive, that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" U.S.S.G. § 1B1.13(b)(6). Here, Defendant identifies no change in the law reducing the statutory maximum for violations of 18 U.S.C. § 2243(a). This, too, is fatal to his Motion. See Aguilar-Cardenas, 2025 WL 1748059, at *7-8 (finding that the defendant was not eligible for a sentence reduction under the "unusually long sentence" provision because there had been no change in the statutory maximum for his offense); Lindenfelser, 2026 WL 76438, at *3 (finding that the defendant was not eligible for a sentence reduction under the "unusually long sentence" provision because there had been no "qualifying change in law").

For all of these reasons, the Court finds that Defendant has not presented extraordinary and compelling reasons for a sentence reduction, and therefore the Court need not address the Section 3553(a) factors. See Maumau, 993 F.3d at 831 n.4; McGee, 992 F.3d at 1043.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 103, is **DENIED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE